1   MARC J. FAGEL (Cal. Bar No. 154425)
2   ROBERT L. TASHJIAN (Cal. Bar No. 191007)
      tashjianr@sec.gov
3   CATHERINE D. WHITING (Cal. Bar No. 190436)
      whitingc@sec.gov
4
    Attorneys for Plaintiff
5   SECURITIES AND EXCHANGE COMMISSION
    44 Montgomery Street, Suite 2600
6   San Francisco, California 94104
    Telephone:  (415) 705-2500
7   Facsimile:  (415) 705-2501

8

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13                                     CV  08      2367 HRL

14  SECURITIES AND EXCHANGE COMMISSION,  |  Case No. _____

15              Plaintiff,

16        v.                               [PROPOSED] FINAL JUDGMENT AS TO
                                           DEFENDANT MARVELL TECHNOLOGY
17  MARVELL TECHNOLOGY GROUP, LTD. and     GROUP, LTD.
    WEILI DAI,
18

19              Defendants.

20  ─────────────────────────────────────

21

22          **[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT
                   MARVELL TECHNOLOGY GROUP, LTD.**

23

24        The Securities and Exchange Commission having filed a Complaint and Marvell Technology

25  Group, Ltd. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction

26  over Defendant and the subject matter of this action; consented to entry of this Final Judgment

27

28

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

agents, servants, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently

enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of

1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

1. employing any device, scheme, or artifice to defraud;

2. obtaining money or property by means of any untrue statement of a material fact or any
   omission to state a material fact necessary in order to make the statements made, in light
   of the circumstances under which they were made, not misleading; or

3. engaging in any transaction, practice, or course of business which operates or would
   operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instruments of transportation or

communication in interstate commerce, or by use of the mails.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

agents, servants, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently

enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange

Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5]

thereunder by:

1. employing any device, scheme, or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact
   necessary in order to make the statements made, in the light of the circumstances under
   which they were made, not misleading; or

3.  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by:

1.  filing any materially untrue, incorrect, false or misleading annual report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

2.  filing any materially untrue, incorrect, false or misleading current report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

3.  filing any materially untrue, incorrect, false or misleading quarterly report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

4.  failing, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material information, if any, as may

1    be necessary to make required statements, in the light of the circumstances under which

2    they are made, not misleading.

3                                              IV.

4        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

5    agents, servants, employees, attorneys, and all persons in active concert or participation with them

6    who receive actual notice of this Final Judgment by personal service or otherwise are permanently

7    enjoined and restrained from, directly or indirectly, violating Sections 13(b)(2)(A) and 13(b)(2)(B) of

8    the Exchange Act [15 U.S.C. § 78m(b)(2)(A) and 15 U.S.C. § 78m(b)(2)(B)] by:

9        1.  failing to make and keep books, records, and accounts, which, in reasonable detail,

10           accurately and fairly reflect the transactions and dispositions of the assets of any issuer

11           which has a class of securities registered pursuant to Section 12 of the Exchange Act [15

12           U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the

13           Exchange Act [15 U.S.C. 78o(d)]; or

14       2.  failing to devise and maintain a system of internal accounting controls, of any issuer which

15           has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

16           78l] or any issuer which is required to file reports pursuant to Section 15(d) of the

17           Exchange Act [15 U.S.C. 78o(d)], sufficient to provide reasonable assurances that:

18           (a)  transactions are executed in accordance with management's general or specific

19                authorization;

20           (b)  transactions are recorded as necessary to permit preparation of financial statements

21                in conformity with generally accepted accounting principles or any other criteria

22                applicable to such statements, and to maintain accountability for assets;

23           (c)  access to assets is permitted only in accordance with management's general or

24                specific authorization; and

25           (d)  the recorded accountability for assets is compared with the existing assets at

26                reasonable intervals and appropriate action is taken with respect to any differences.

27

28

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making or causing to be made solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $10,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Marvell Technology Group, Ltd as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

_____

UNITED STATES DISTRICT JUDGE