COPY

RECEIVED

08 MAY -8 AM 9: 12

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  MARC J. FAGEL (Cal. Bar No. 154425)
2  ROBERT L. TASHJIAN (Cal. Bar No. 191007)
     tashjianr@sec.gov
3  CATHERINE D. WHITING (Cal. Bar No. 190436)
     whitingc@sec.gov

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
6  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

7

8

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13                  CV  08        2367

14

15  SECURITIES AND EXCHANGE COMMISSION, | Case No. _____

16                 Plaintiff,

17        v.                                DEFENDANT MARVELL TECHNOLOGY
                                            GROUP, LTD.'S CONSENT TO FINAL
18  MARVELL TECHNOLOGY GROUP, LTD. and      JUDGMENT
    WEILI DAI,
19

20                 Defendants.

21  _____

22

23      CONSENT OF DEFENDANT MARVELL TECHNOLOGY GROUP, LTD.

24        1.      Defendant Marvell Technology Group, Ltd. ("Defendant") waives service of a

25  summons and the complaint in this action, enters a general appearance, and admits the Court's

26  jurisdiction over Defendant and over the subject matter of this action.

27

28

2.   Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)   permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B) and 14(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78n(a)] and Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13, and 14a-9 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13 and 240.14a-9] thereunder; and

(b)   orders Defendant to pay a civil penalty in the amount of $ 10,000,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

3.   Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.   Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding

1  before the Commission based on the entry of the injunction in this action, Defendant understands that

2  it shall not be permitted to contest the factual allegations of the complaint in this action.

3       11.     Defendant understands and agrees to comply with the Commission's policy "not to

4  permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

5  denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance

6  with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any

7  public statement denying, directly or indirectly, any allegation in the complaint or creating the

8  impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent,

9  Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation

10  in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to

11  vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph

12  affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

13  litigation or other legal proceedings in which the Commission is not a party.

14       12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

15  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

16  the United States, or any agency, or any official of the United States acting in his or her official

17  capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

18  expended by Defendant to defend against this action.  For these purposes, Defendant agrees that

19  Defendant is not the prevailing party in this action since the parties have reached a good faith

20  settlement.

21       13.     Defendant agrees that the Commission may present the Final Judgment to the Court

22  for signature and entry without further notice.

23

24

25

26  ///

27  ///

28

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Marvell Technology Group, Ltd.

By: _____
George de Urioste
Interim Chief Financial Officer
5488 Marvell Lane
Santa Clara, CA  95054

On _____, 200_, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.


_____
Notary Public
Commission expires:


Approved as to form:

_____
Boris Feldman
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304
Attorney for Defendant Marvell Technology Group, Ltd.

1    14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

2    purpose of enforcing the terms of the Final Judgment.

3

4    Marvell Technology Group, Ltd.

5    By: _____

6    George de Urioste
     Interim Chief Financial Officer

7    5488 Marvell Lane

8    Santa Clara, CA  95054

9    On _____, 200__ _____, a person known to me, personally

10   appeared before me and acknowledged executing the foregoing Consent with full authority to do so
     on behalf of _____ as its _____.

11                                    *See Attached Notarization*

12   _____

13   Notary Public
     Commission expires:

14

15   Approved as to form:

16

17   _____
     Boris Feldman

18   Wilson Sonsini Goodrich & Rosati
     650 Page Mill Road

19   Palo Alto, CA  94304
     Attorney for Defendant Marvell Technology Group, Ltd.

20

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA                    }
                                       }      SS:
COUNTY OF SANTA CLARA                  }


On April  18, 2008 before me, George de Urioste          personally appeared, who
proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the
within instrument and acknowledged to me that he executed the same in his authorized capacity, and
that by his signature on the instrument the person, or the entity of behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.


Signature:  _Diane L Parke_          (Seal)
               Notary Public
               State of California

Commission Number:  _1596199_

Commission Expiration:  _Aug. 18, 2009_



DIANE L. PARKE
Commission # 1596199
Notary Public - California
Santa Clara County
My Comm. Expires Aug 18, 2009

1  MARC J. FAGEL (Cal. Bar No. 154425)
   ROBERT L. TASHJIAN (Cal. Bar No. 191007)
2    tashjianr@sec.gov
   CATHERINE D. WHITING (Cal. Bar No. 190436)
3    whitingc@sec.gov

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
6  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501
7

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,    |  Case No. _____

15              Plaintiff,

16        v.                                                          [PROPOSED] FINAL JUDGMENT AS TO
                                                                      DEFENDANT MARVELL TECHNOLOGY
17  MARVELL TECHNOLOGY GROUP, LTD. and         GROUP, LTD.
    WEILI DAI,
18

19              Defendants.

20

21

22           [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT
                 MARVELL TECHNOLOGY GROUP, LTD.
23

24        The Securities and Exchange Commission having filed a Complaint and Marvell Technology

25  Group, Ltd. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction

26  over Defendant and the subject matter of this action; consented to entry of this Final Judgment

27

28

1  without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

2  findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

3                                                    I.

4         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

5  agents, servants, employees, attorneys, and all persons in active concert or participation with them

6  who receive actual notice of this Final Judgment by personal service or otherwise are permanently

7  enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of

8  1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

9        1.  employing any device, scheme, or artifice to defraud;

10       2.  obtaining money or property by means of any untrue statement of a material fact or any

11            omission to state a material fact necessary in order to make the statements made, in light

12            of the circumstances under which they were made, not misleading; or

13       3.  engaging in any transaction, practice, or course of business which operates or would

14            operate as a fraud or deceit upon the purchaser,

15 in the offer or sale of any securities by the use of any means or instruments of transportation or

16 communication in interstate commerce, or by use of the mails.

17                                                   II.

18        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

19 agents, servants, employees, attorneys, and all persons in active concert or participation with them

20 who receive actual notice of this Final Judgment by personal service or otherwise are permanently

21 enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange

22 Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5]

23 thereunder by:

24       1.  employing any device, scheme, or artifice to defraud;

25       2.  making any untrue statement of a material fact or omitting to state a material fact

26            necessary in order to make the statements made, in the light of the circumstances under

27            which they were made, not misleading; or

28

SEC v. MARVELL, et al                          2                    [PROPOSED] FINAL JUDGMENT AS TO
                                                                         DEFENDANT MARVELL

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by:

1. filing any materially untrue, incorrect, false or misleading annual report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

2. filing any materially untrue, incorrect, false or misleading current report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

3. filing any materially untrue, incorrect, false or misleading quarterly report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

4. failing, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material information, if any, as may

1    be necessary to make required statements, in the light of the circumstances under which

2    they are made, not misleading.

3                                        IV.

4    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

5    agents, servants, employees, attorneys, and all persons in active concert or participation with them

6    who receive actual notice of this Final Judgment by personal service or otherwise are permanently

7    enjoined and restrained from, directly or indirectly, violating Sections 13(b)(2)(A) and 13(b)(2)(B) of

8    the Exchange Act [15 U.S.C. § 78m(b)(2)(A) and 15 U.S.C. § 78m(b)(2)(B)] by:

9       1.  failing to make and keep books, records, and accounts, which, in reasonable detail,

10          accurately and fairly reflect the transactions and dispositions of the assets of any issuer

11          which has a class of securities registered pursuant to Section 12 of the Exchange Act [15

12          U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the

13          Exchange Act [15 U.S.C. 78o(d)]; or

14      2.  failing to devise and maintain a system of internal accounting controls, of any issuer which

15          has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C.

16          78l] or any issuer which is required to file reports pursuant to Section 15(d) of the

17          Exchange Act [15 U.S.C. 78o(d)], sufficient to provide reasonable assurances that:

18          (a)   transactions are executed in accordance with management's general or specific

19                authorization;

20          (b)   transactions are recorded as necessary to permit preparation of financial statements

21                in conformity with generally accepted accounting principles or any other criteria

22                applicable to such statements, and to maintain accountability for assets;

23          (c)   access to assets is permitted only in accordance with management's general or

24                specific authorization; and

25          (d)   the recorded accountability for assets is compared with the existing assets at

26                reasonable intervals and appropriate action is taken with respect to any differences.

27

28

1

V.

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

3    agents, servants, employees, attorneys, and all persons in active concert or participation with them

4    who receive actual notice of this Final Judgment by personal service or otherwise are permanently

5    restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and

6    Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making or causing to be made

7    solicitations by means of a proxy statement, form of proxy, notice of meeting, or other

8    communication, written or oral, containing a statement which, at the time and in the light of the

9    circumstances under which it was made, was false or misleading with respect to any material fact, or

10   which omitted to state any material fact necessary in order to make the statements therein not false or

11   misleading or necessary to correct any statement in any earlier communication with respect to the

12   solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

13

VI.

14   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

15   civil penalty in the amount of $10,000,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C.

16   § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall make this

17   payment within ten (10) business days after entry of this Final Judgment by certified check, bank

18   cashier's check, or United States postal money order payable to the Securities and Exchange

19   Commission.  The payment shall be delivered or mailed to the Office of Financial Management,

20   Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3,

21   Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Marvell Technology

22   Group, Ltd as a defendant in this action; setting forth the title and civil action number of this action

23   and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.

24   Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

25   The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

26

27

28

1

VII.

2        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

3  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall

4  comply with all of the undertakings and agreements set forth therein.

5                                        VIII.

6        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

7  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

8

9  Dated: _____, 2008

10

11                                 _____
                                   UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEC v. MARVELL, et al                          6                    [PROPOSED] FINAL JUDGMENT AS TO
                                                                    DEFENDANT MARVELL