MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT L. TASHJIAN (Cal. Bar No. 191007)
  tashjianr@sec.gov
CATHERINE D. WHITING (Cal. Bar No. 190436)
  whitingc@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARVELL TECHNOLOGY GROUP, LTD. and WEILI DAI,<br><br>　　　　　Defendants. | Case No. CV 08 2367 HRL<br><br>[AMENDED PROPOSED]<br>FINAL JUDGMENT AS TO DEFENDANT WEILI DAI |

**[AMENDED PROPOSED] FINAL JUDGMENT AS TO DEFENDANT WEILI DAI**

The Securities and Exchange Commission having filed a Complaint and Weili Dai ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

SEC v. MARVELL, et al.
CV 08 2367 HRL

1

[AMENDED PROPOSED] FINAL JUDGMENT AS TO DEFENDANT WEILI DAI

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from, directly or indirectly, violating Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1) and 77q(a)(3)] by:

1. employing any device, scheme, or artifice to defraud; or
2. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

1. employing any device, scheme, or artifice to defraud;
2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from aiding and abetting violations, directly or indirectly, of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by:

1. filing any materially untrue, incorrect, false or misleading annual report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

2. filing any materially untrue, incorrect, false or misleading current report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

3. filing any materially untrue, incorrect, false or misleading quarterly report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

4. failing, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material information, if any, as may be necessary to make required statements, in the light of the circumstances under which they are made, not misleading.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from aiding and abetting, directly or indirectly, violations of Section 13(b)(2)(A) of the Exchange Act by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)].

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. 240.13b2-1] by:

1. knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

2. falsifying or causing to be falsified, directly or indirectly, any book, record or account of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and

Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making or causing to be made solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Weili Dai as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

_____
UNITED STATES DISTRICT JUDGE

SEC v. MARVELL, et al.
CV 08 2367 HRL

6

[AMENDED PROPOSED] FINAL JUDGMENT AS TO DEFENDANT WEILI DAI